**Archie T. EDWARDS; Patricia L. Edwards, Plaintiffs-Appellants,**

v.

**CALIBER HOME LOANS, INC.; et al., Defendants-Appellees.**

**No. 17-35535**

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed January 3, 2018

Archie T. Edwards, Pro Se

Patricia L. Edwards, Pro Se

Kathleen Stetsko, Attorney, Perkins Coie LLP, Chicago, IL, for Defendants-Appellees Caliber Home Loans, Inc., U.S. Bank Trust, N.A.

Joshua Schaer, Esquire, Attorney, Routh Crabtree Olsen, P.S., Bellevue, WA, for Defendant-Appellee Northwest Trustee Services, Inc.

Michael Steven DeLeo, Esquire, Attorney, Peterson Russell Kelly, PLLC, Belle-

*See* Fed. R. App. P. 34(a)(2).

vue, WA, for Defendant-Appellee Trustee Corps

Kathleen Stetsko, Attorney, Perkins Coie LLP, Chicago, IL, Michael Steven DeLeo, Esquire, Attorney, Peterson Russell Kelly, PLLC, Bellevue, WA, for Defendant-Appellee Mortgage Electronic Registration Systems, Inc.

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Archie T. Edwards and Patricia L. Edwards appeal pro se from the district court's order dismissing their diversity action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1071-72 (9th Cir. 2005). We affirm.

The district court properly dismissed plaintiffs' claim under the Washington Consumer Protection Act ("WCPA") because plaintiffs failed to allege facts sufficient to show that defendants engaged in an unfair or deceptive act that caused plaintiffs' injury. *See Bavand v. OneWest Bank*, 196 Wash.App. 813, 385 P.3d 233, 247-48 (2016) (setting forth elements for challenges under the WCPA).

The district court properly dismissed plaintiffs' claim for "lack of standing to foreclose" because plaintiffs failed to allege facts sufficient to show that defendant U.S. Bank Trust, N.A. was not authorized to foreclose. *See Bain v. Metro. Mortg. Grp., Inc.*, 175 Wash.2d 83, 285 P.3d 34, 41-42, 45 (2012) (en banc) (discussing the definition of a "beneficiary" under Wash. Rev.

Code. § 61.24.005(2) and that Mortgage Electronic Registration Systems, Inc. may act as a beneficiary's agent); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that "[a] pleading that offers labels and conclusions" or "naked assertions devoid of further factual enhancement" is insufficient to survive a motion to dismiss (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).